IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-07-0351-04 |
| | § | |
| DEANDREA S. WADE | § | (Civil Action No. H-10-3973) |
| | § | |

## ORDER DENYING MOTION TO STAY

The defendant, Deandrea S. Wade, has filed a motion to "stay execution of sentence" pending collateral review under 28 U.S.C. § 2255. [Doc. # 347]. Wade, who has been out of custody on bond for the duration of her appeal, also has filed a memorandum and an affidavit in support of her motion to stay. [Docs. # 348, # 349]. After considering all of the pleadings, and the applicable law, the motion to stay is **denied** for reasons set forth below.

On August 22, 2007, a grand jury in this district returned a multi-count indictment against Wade and others in connection with a scheme to defraud an insurance company. On January 31, 2008, Wade was convicted following a jury trial. The jury found Wade guilty of conspiracy to commit mail fraud, conspiracy to commit money laundering, and two individual counts of mail fraud as charged in the indictment. In a judgment entered on July 9, 2008, this Court sentenced Wade to serve 21 months in prison, followed by a 3-year term of supervised release. In addition, Wade is required to make restitution in the amount of $133,601.00.

Wade filed a notice of appeal, which argued, among other things, that this Court erred by denying her post-verdict motion for a judgment of acquittal for insufficient evidence

under Rule 29 of the Federal Rules of Criminal Procedure. After Wade filed her notice of appeal, the Court granted her motion to remain free on bond pending the result of that appeal. [Doc. # 263]. On December 17, 2009, the Fifth Circuit affirmed the conviction in an unpublished opinion, rejecting all of Wade's arguments and holding that there was sufficient evidence to support the jury's verdict. *See United States v. Wade*, 356 F. App'x 704, 2009 WL 4884976 (5th Cir.) (per curiam).

After the Fifth Circuit issued the mandate of affirmance on February 10, 2010, Wade requested an extension of time, up to and including October 25, 2010, in which to surrender to federal prison. The Court granted Wade an extension of time until October 27, 2010. [Doc. # 340]. Wade, who remains free on bond, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on October 18, 2010. In that motion, Wade contends that she was denied effective assistance of counsel because her trial attorney, who also represented co-defendant Dianne Winzer, had a conflict of interest. Wade complains further that her trial attorney failed to conduct a "proper investigation as to the credibility and mental stability" of two of the government's chief witnesses. Wade contends further that her trial attorney failed to file a motion to sever her case from Winzer's.

Noting that she has filed a motion to vacate the conviction under 28 U.S.C. § 2255, Wade seeks a stay of the sentence on the grounds that she has complied with the conditions of her bond and has not made any attempt to flee the jurisdiction. Wade notes further that she believes that the issues raised in her § 2255 motion are substantial, and "not frivolous," such that she should be entitled to remain on bond pending the completion of collateral

review. Thus, Wade asks this Court to set aside the order entered on March 18, 2010, directing her to surrender to the custody of the Attorney General at a local prison facility. [Doc. # 341].

Wade appears to seek a stay of her sentence and continued release on bond based on the factors set forth in the Bail Reform Act of 1984, which governs the release or detention of defendants pending an appeal. *See* 18 U.S.C. § 3143(b) (authorizing release where there is evidence that he is not likely to flee or pose a danger to the community, and the appeal raises substantial questions of law or fact likely to result in a reversal, a new trial, or a reduced sentence). Wade is no longer pursuing a direct appeal, however, but is attacking her sentence collaterally under 28 U.S.C. § 2255. "The Bail Reform Act does not apply to federal prisoners seeking post-conviction relief." *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1995); *see Cherek v. United States*, 767 F.2d 335, 337 (7th Cir.1985) (same).

Decisions regarding detention or release pending collateral review are governed by Rule 23 of the Federal Rules of Appellate Procedure. A petitioner seeking release under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)). The Fifth Circuit has held that bond should be granted on collateral review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional

circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

Wade concedes that her conviction has been affirmed on direct appeal. Even if the Court were to find that Wade's § 2255 motion presents a substantial claim of ineffective assistance by trial counsel, she makes no effort to establish that extraordinary or exceptional circumstances warrant a stay in this case. *See Calley*, 496 F.2d at 702. Based on this record, Wade does not show that she is entitled to stay the sentence of imprisonment that was imposed by this Court on July 9, 2008.

Because Wade fails to show that she meets the criteria for release pending collateral review, it is **ORDERED** that her motion to "stay execution of sentence" [Doc. # 347] is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>October 22, 2010</u>.

<u>                         </u>
Nancy F. Atlas
United States District Judge